IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

B.D., et al.,  )
    Plaintiffs,  )
    )
v.  ) Civil Action No. 1:18-cv-1425
    )
FAIRFAX COUNTY SCHOOL BOARD,  )
    Defendant.  )

## MEMORANDUM OPINION

This matter comes before the Court on Defendant's Motion to Dismiss (Dkt. 9) Counts II-V of Plaintiffs' Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

Plaintiffs are B.D., an eighteen-year-old twelfth-grade student at George C. Marshall High School (MHS), and his parents. B.D. has Down syndrome and has been identified as intellectually disabled. B.D. has received special education services from Fairfax County Public Schools (FCPS) since he was in the second grade. All of these services have been pursuant to Individualized Education Plans (IEP). B.D.'s parents have worked with educators throughout this time to create IEPs with rigorous goals, the ultimate goal being that B.D. would graduate from high school with a Standard Diploma, as opposed to an

alternative diploma or certificate. Defendant is Fairfax County School Board, the body governing FCPS.

In December 2015, during B.D.'s first year at MHS, B.D.'s parents along with a team of educators from MHS developed and agreed on a new IEP. The 2015 IEP was based on prior IEPs and the growth that B.D. had shown while receiving support under those documents. All agreed that the 2015 IEP was reasonably calculated to continue that trajectory.

Shortly after the 2015 IEP was put into effect, things began going downhill. B.D. was not provided the services called for in the IEP. Certain teachers and specialists stated that they did not agree with the goals in the IEP and so chose to work with B.D. towards other goals. B.D. was also allowed to avoid academic participation and watch videos on YouTube instead. Plaintiffs allege that as a result of these actions, B.D.'s educational achievement began to stagnate in certain areas and regress in others.

The special education team at MHS then began to suggest new IEPs that did not require as much rigor. B.D.'s parents refused to agree to these IEPs because they believed that if B.D. was receiving the academic supports the 2015 IEP required, then he would have continued to demonstrate growth. As a result, the 2015 IEP is still the IEP governing B.D.'s education.

In October 2017, B.D.'s parents filed an administrative complaint alleging that MHS had failed to follow B.D.'s IEP and provide a free and adequate public education (FAPE). The hearing officer rendered his decision on the administrative complaint in August of 2018 finding that the 2015 IEP met FAPE and MHS and FCPS had provided FAPE to B.D. since that time. Since this decision was handed down, MHS has removed B.D. from general curriculum classes without his parents' consent. MHS has also continued to prevent B.D. from taking VSOLs in furtherance of the goal of receiving the Standard Diploma.

Plaintiffs have brought this lawsuit alleging five counts: Failure to Provide FAPE under the Individuals with Disabilities Education Act (IDEA) (Count I); Discrimination under Section 504 of the Rehabilitation Act of 1973 (Count II); Retaliation under Section 504 of the Rehabilitation Act of 1973 (Count III); Discrimination under the Americans with Disabilities Act of 1990 (Count IV); and Retaliation under the Americans with Disabilities Act of 1990 (Count V). Defendant has moved to dismiss Counts II-V for failure to state a claim for which relief can be granted.

A motion to dismiss tests the sufficiency of the complaint. See Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). On a Rule 12(b)(6) motion to dismiss, a court must accept all well-pleaded facts as true and construe those facts

in the light most favorable to the plaintiff. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Reyes v. Waples Mobile Home Park Ltd. P'ship, 903 F.3d 415, 423 (4th Cir. 2018). The complaint must provide a short and plain statement showing that the pleader is entitled to relief, Fed. R. Civ. P. 8(a)(2), and it must state a plausible claim for relief to survive a motion to dismiss, Iqbal, 556 U.S. at 679; Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

Section 504 of the Rehabilitation Act of 1973 and Title II of the Americans with Disabilities Act of 1990 both prohibit discrimination by public entities on the basis of disability. 29 U.S.C. § 794(a); 42 U.S.C. § 12132. Because the statutes have very similar language, the Fourth Circuit applies the same analysis to discrimination claims brought under either statute. See Constantine v. Rectors & Visitors of George Mason Univ., 411 F.3d 474, 498 (4th Cir. 2005); Baird ex rel. Baird v. Rose, 192 F.3d 462, 468 (4th Cir. 1999) ("The ADA and Rehabilitation Act generally are construed to impose the same requirements due to the similarity of the language of the two acts."). A violation of either statute is established by the plaintiff proving that (1) he has a disability; (2) he is otherwise qualified for the benefit or program in question; and (3) he was excluded from participation in or denied the benefits of such program, or

otherwise discriminated against, due to his disability. Constantine, 411 F.3d at 498.

The only significant difference between the analyses under the statutes is the causation requirement. Under Section 504, a plaintiff must demonstrate that the discrimination he suffered was "solely by reason" of his disability, while the ADA allows the disability to play "a motivating role" in the discriminatory conduct. Constantine, 411 F.3d at 498 n.17 (quoting Baird, 192 F.3d at 469-70).

In cases where the dispute is centered around educational services provided to a student with a disability under IDEA, gross misjudgment or bad faith must be established for both Section 504 and ADA claims. See Sellers by Sellers v. Sch. Bd. of Manassas, 141 F.3d 524, 529 (4th Cir. 1998); accord Shirey ex rel. Kyger v. City of Alexandria Sch. Bd., No. 99-1127, 2000 WL 1198054 at *4 (4th Cir. Aug. 23, 2000) (stating analysis of both statutes requires a finding of bad faith or gross misjudgment). Thus, to prove discrimination in the education context, "'something more than a mere failure to provide [FAPE] required by [IDEA] must be shown.'" Sellers, 141 F.3d at 529 (quoting Monahan v. Nebraska, 687 F.2d 1164, 1170 (8th Cir. 1982)).

Here, Plaintiffs have alleged facts that if proven true a reasonable person could find bad faith or gross misjudgment to be present and all inferences are to be drawn in their favor.

Iqbal, 556 U.S. at 678; Reyes, 903 F.3d at 423. Thus, Plaintiffs have stated discrimination claims for which relief can be granted.

As to Plaintiffs' retaliation claims, again courts apply similar standards when performing analysis of Section 504 and the ADA due to the similar statutory language. S.B. ex rel. A.L. v. Bd. of Educ. of Harford Cty., 819 F.3d 69, 78 n. 6 (4th Cir. 2016). Courts use the familiar burden-shifting framework when evaluating claims under these statutes. See Rhoads v. F.D.I.C., 257 F.3d 373, 392 (4th Cir. 2001). Under this framework, a plaintiff establishes a prima facie case by demonstrating that (1) the plaintiff engaged in a protected activity; (2) the defendant took an adverse action against plaintiff; and (3) plaintiff's protected activity was causally connected to defendant's adverse action. Id. While courts use the elements of a prima facie case to evaluate allegations in a complaint, a plaintiff does not need to sufficiently establish a prima facie case at the pleading stage to survive a motion to dismiss. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 511-12 (2002); Woods v. City of Greensboro, 855 F.3d 639, 648 (4th Cir. 2017).

In the instant case, Plaintiffs have alleged facts that if proven true would allow them to be granted relief on their retaliation claims and all inferences must be drawn in their favor. Woods, 855 F.3d at 648; Reyes, 903 F.3d at 423.

For the reasons mentioned, the Court concludes that Plaintiffs have stated claims for which relief can be granted in Counts II-V and dismissal is therefore inappropriate. Defendant's motion will be denied. An appropriate order shall issue.

                                                     /s/ Claude M. Hilton
                                                     CLAUDE M. HILTON
                                                     UNITED STATES DISTRICT JUDGE

Alexandria, Virginia
February 19, 2019